## SETTLEMENT AGREEMENT WITH MUTUAL RELEASES

This Settlement Agreement ("Agreement"), made effective this 20th day of December 2019 ("Effective Date"), is by and between Joseph Rozwood, residing at 111 Cottage Street, Apt. 4, Rockport, New York, and ADP, LLC ("ADP"), maintaining its principal place of business at One ADP Boulevard, Roseland, New Jersey.

**WHEREAS**, on June 14, 2019, Rozwood commenced a putative class and collective action against ADP, incorrectly named therein as ADP, Inc., captioned <u>Rozwood v. ADP Inc.</u>, 2:19-cv-13765-KM-JBC (the "Action"), in the United States District Court for the District of New Jersey (the "Court");

**WHEREAS**, in his Class and Collective Action Complaint (the "Complaint") filed in the Action, Rozwood alleged, among other things, that ADP violated the Fair Labor Standards Act and the wage and hour laws of the State of New York;

**WHEREAS,** on November 18, 2019, Rozwood filed an Amended Collective Action Complaint ("Amended Complaint") in the Action;

**WHEREAS**, ADP has denied and continues to deny the material allegations of the Complaint and the Amended Complaint;

**WHEREAS**, having consulted with their respective counsel, Rozwood and ADP each has independently concluded that it is in their respective best interests to settle and resolve amicably and expeditiously any and all disputes and controversies that have been or could have been raised between them as of the Effective Date;

**NOW, THEREFORE**, in consideration of the mutual promises exchanged herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Rozwood and ADP hereby memorialize their agreement as follows:

## ARTICLE I.

### Settlement Payment

**1.1** **Settlement Payment.** Within five business days after the Court's entry of an order approving this Settlement Agreement pursuant to Section 3.1, ADP shall effect the payments specified in Sections 1.2 and 1.3 in the total amount of $15,000.00 as consideration for, among other things, Rozwood's release as set forth in Section 2.1 below and the discontinuance of the Action as set forth in Article III below (collectively, the "Settlement Payment").

**1.2** **Payments to Rozwood.** In a manner consistent with Section 1.1 above, ADP shall deliver to Rozwood's counsel, Johnson Becker, PLLC ("Johnson Becker"), (a) a check payable to the order of Joseph Rozwood in the amount of $3,750.00, less applicable withholdings, as payment for all claims for alleged lost or improperly withheld compensation, and (b) a check payable to the order of Joseph Rozwood in the amount of $3,750.00 as payment for Rozwood's claims other than those described in Section 1.2(a) above. It is expressly understood and agreed that the payment made pursuant to Section 1.2(a) shall be reported on an Internal Revenue Service ("IRS") Form W-2 and the payment made pursuant to Section 1.2(b) shall be reported on IRS Form 1099. Further, it is expressly understood and agreed that ADP's payment of the amount reflected in Section 1.2(b) above is contingent upon ADP's receipt of a fully executed IRS Form W-9 from Rozwood.

**1.3** **Payment to Rozwood's Counsel.** In a manner consistent with Section 1.1 above, ADP shall deliver to Johnson Becker a check in the amount of $7,500.00 payable to the order of "Johnson Becker, PLLC" as counsel for Rozwood in this matter. It is expressly understood and agreed that the amount of said payment to Johnson Becker shall be reported on IRS Form 1099. Further, it is expressly understood and agreed that ADP's payment of the

2

amount referenced in this Section 1.3 is contingent upon ADP's receipt of a fully executed IRS Form W-9 from Rozwood's counsel.

1.4     **No Further Payments.** Rozwood acknowledges that other than the Settlement Payment, he and his counsel are not entitled to, nor will they receive, any further compensation or payment of any kind from ADP in connection with the resolution of this matter.

1.5     **Tax Liability.** Rozwood acknowledges, understands and expressly agrees that the payments made pursuant to Section 1.2 above may result in taxable income to Rozwood under applicable federal, state and/or local tax laws. Rozwood further acknowledges, understands and expressly agrees that he will assume all federal, state and/or local tax liability and consequences that may arise from the payments made pursuant to Section 1.2 above, and that he will indemnify ADP with respect to any tax liability or consequences regarding same.

## ARTICLE II.

### Mutual Releases

2.1     **Rozwood's Release of ADP.** Except for ADP's obligations pursuant to this Agreement, Rozwood, along with any and all of his agents, attorneys, assigns, heirs, executors and administrators, hereby release and discharge ADP and all of its corporate parents, subsidiaries and affiliated entities, along with its and their former and current partners, members, principals, directors, officers, shareholders, employees, agents, attorneys, contractors, representatives, predecessors, successors, assigns, heirs, executors and administrators, from liability on and for all claims, known or unknown, for unpaid wages, arising or accruing as of the Effective Date, that could have been asserted in the Action.

2.2     **ADP's Release of Rozwood.** Except for Rozwood's obligations pursuant to this Agreement and the Letter Agreement and Release dated October 10, 2017 between Rozwood and ADP, ADP and any and all of its corporate parents, subsidiaries and affiliated

3

entities, along with its and their former and current partners, members, principals, directors, officers, shareholders, employees, agents, attorneys, contractors, representatives, predecessors, successors, assigns, heirs, executors and administrators, hereby release and discharge Rozwood, along with any and all of his agents, attorneys, assigns, heirs, executors and administrators, from liability on and for all claims, demands, causes of action, damages, costs, expenses, accounts, contracts, agreements, promises, compensation and all other liabilities of any kind or nature whatsoever, known or unknown, arising or accruing as of the Effective Date.

    2.3    **No Assignments**. Rozwood and ADP each represents to the other that, as of the Effective Date, neither has assigned to any person any of the claims encompassed by their mutual releases as set forth above in Sections 2.1 and 2.2.

    2.4    **No Other Actions**. Rozwood represents that other than the Action, as of the Effective Date he has not commenced or caused to be commenced, or participated, aided or cooperated in, any action, charge, complaint or proceeding of any kind (on his behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons) that is presently pending in any court or before any administrative, regulatory or investigative body or agency (whether public, quasi-public or private), against or involving ADP.

## ARTICLE III.

### Dismissal of the Action

    3.1    **Motion for Approval of Settlement**. On or before December 20, 2019, counsel for ADP shall file with the Court the parties' Joint Notice of Motion for Approval of FLSA Settlement and Memorandum of Law in Support of Joint Motion for Approval of FLSA Settlement.

**3.2** **Notice of Dismissal.** Simultaneous with the parties' execution of this Agreement, counsel for Rozwood shall execute a Notice of Voluntary Dismissal ("Notice of Dismissal") in the form attached hereto as Exhibit A.

**3.3** **Filing of Notice of Dismissal.** Subsequent to the Court's entry of an order approving of this Settlement Agreement and within three business days of their receipt of the checks referenced in Section 1.2 and Section 1.3 above, counsel for Rozwood shall file the executed Notice of Dismissal with the Court and promptly forward an as-filed copy of same to counsel for ADP, Kelley Drye & Warren LLP.

## ARTICLE IV.

### Miscellaneous

**4.1** **Entire Agreement.** This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof. Except as otherwise expressly stated herein, it supersedes any and all prior agreements relating thereto. There are no other understandings or agreements between or among the parties with respect to the subject matter hereof except as otherwise set forth herein.

**4.2** **No Oral Modification.** No condition or provision of this Agreement may be modified, waived or revised in any way except in a writing executed by the parties and referring specifically to this Agreement.

**4.3** **Binding Effect.** This Agreement and all rights and duties set forth herein shall be binding upon and inure to the benefit of the parties hereto, as well as their respective permitted successors and assigns.

**4.4** **No Assignment.** Neither party hereto may assign this Agreement in whole or in part or delegate any of its obligations hereunder without the prior written consent of

such other party. Any purported assignment or delegation in violation of the foregoing shall be void ab initio.

    4.5    **No Third-Party Beneficiaries.** This Agreement is not intended to provide, nor shall it be construed to provide, for the creation of any interests or rights in any third party, including without limitation any entity in which Rozwood holds a direct or indirect interest, with respect to or in connection with any terms or provisions contained herein or contemplated hereby. Except as otherwise provided in this Agreement, no third party shall have any right to enforce any provision of this Agreement.

    4.6    **Governing Law.** This Agreement and its interpretation and performance shall be governed by the laws of the State of New Jersey without giving effect to the conflict of law rules of that or any other State.

    4.7    **Venue.** For purposes of litigating any dispute arising under or relating to the construction, enforcement or performance of this Agreement, the parties hereby submit and consent to the exclusive jurisdiction of the state or federal court of competent jurisdiction located within the City of Newark, State of New Jersey.

    4.8    **Partial Invalidity.** In the event any provision of this Agreement is held to be contrary to or invalid under the laws of any country, state, municipality or other jurisdiction, such illegality or invalidity shall not affect in any way any of the other provisions hereof, all of which shall continue in full force and effect.

    4.9    **Captions.** The captions set forth in this Agreement are intended solely for the parties' convenience and ease of reference and are not intended to modify, limit, describe or affect in any way the scope, content or intent of this Agreement.

**4.10** **Signatures.** This Agreement may be executed simultaneously or in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. The parties agree that signatures by facsimile or PDF shall be deemed original signatures.

**4.11** **Authorization.** ADP represents that its representative identified below is fully authorized to execute this Agreement on its behalf.

**4.12** **Corporate Approvals.** ADP represents that any and all necessary corporate and legal actions to approve the making and execution of this Agreement have been taken and that no further action is required and that the making and execution of this Agreement does not violate any provision of law or its articles of incorporation, bylaws or any other charter documents.

**4.13** **No Duress.** The parties hereto acknowledge and agree that they have entered into this Agreement and have executed it without duress or coercion, and have done so with the full advice of counsel. Each party further acknowledges and agrees that no other party has made any representations, warranties, promises, or agreements not set forth herein and no party relies in any way on any representation, warranty, statement of fact or opinion, understanding, disclosure or non-disclosure not set forth herein in entering into this Agreement and executing it, and that no party has been induced in any way, except for the consideration, representations, warranties, statements and covenants recited herein, to enter into this Agreement.

**4.14** **Construction and Enforcement.** The terms of this Agreement are the product of negotiations between the parties through their respective counsel, and the parties

agree that those terms shall be construed without regard to any presumption or other rule requiring construction against the party causing this Agreement to be drafted.

4.15    **No Waiver.**  The failure of any party to this Agreement to exercise and/or delay in exercising any power or right hereunder shall not operate as a waiver thereof, nor shall any single or partial exercise of any such power or right preclude any other or further exercise of any other power or right hereunder.  Further, the waiver by any party to this Agreement of any right or remedy hereunder on any occasion shall not be construed as a waiver of any such right or remedy on any future occasion.

4.16    **No Admissions.**  The parties' execution of this Agreement or any of the individual terms thereof shall not be construed or otherwise deemed to be an admission or acknowledgement by any party of any wrongful or improper act or conduct, nor of any liability to any other party.  This Agreement shall not be taken or used, or be deemed admissible evidence, in any action or proceeding except to enforce the terms of this Agreement.

4.17    **Notices.**  All notices, requests, demands or other communications required or contemplated hereunder or relating hereto shall be in writing and forwarded by hand delivery, by regular first class mail, or by overnight delivery and shall be deemed effective upon the earlier of (a) receipt, and (b) if sent by regular first class mail, three business days from the date of mailing and if sent overnight delivery with evidence of such mailing, on the next business day:

    a.    **If to Rozwood:**

        Mr. Joseph Rozwood  
        111 Cottage Street, Apt. 4  
        Rockport, New York 14094

with a copy (which shall not constitute notice) to:

Jacob Rusch, Esq.
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101

b. **If to ADP:**

ADP, LLC
One ADP Boulevard
Roseland, New Jersey 07068
Attn: General Counsel

with a copy (which shall not constitute notice) to:

William S. Gyves, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

4.18   **No Re-employment**.  Rozwood agrees that he will not seek employment or any other remunerative relationship with ADP.  Further, Rozwood agrees that if he does seek such an employment or remunerative relationship with ADP, any rejection of or inaction regarding such application or inquiry shall not constitute a breach of this Agreement or a violation of any law.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date written above.

_____
Joseph rozwood (Dec 19, 2019)
JOSEPH ROZWOOD
(Individually)

Date: December 19, 2019

ADP, LLC

By: _____
Name: Michael Bonarti
Title: President

Date: December 20, 2019

# EXHIBIT A

**Notice of Voluntary Dismissal**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ROZWOOD, individually and on behalf of all similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ADP, INC.,<br><br>　　　　　　Defendant. | 2:19-cv-13765-KM-JBC |

## NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), plaintiff Joseph Rozwood hereby gives notice that the above-captioned action is voluntarily dismissed with prejudice as to his individual claims and without prejudice as to the putative class claims.

Dated:  December        , 2019			Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　Thomas Anapol
　　　　　　　　　　　　　　　　　　　　　ANAPOL WEISS
　　　　　　　　　　　　　　　　　　　　　1040 N. Kings Highway, Suite 304
　　　　　　　　　　　　　　　　　　　　　Cherry Hill, New Jersey  08034
　　　　　　　　　　　　　　　　　　　　　Telephone: (215) 735-1130
　　　　　　　　　　　　　　　　　　　　　Fax: (215) 875-7707
　　　　　　　　　　　　　　　　　　　　　tanapol@anapolweiss.com

　　　　　　　　　　　　　　　　　　　　　Jacob R. Rusch (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　JOHNSON BECKER, PLLC
　　　　　　　　　　　　　　　　　　　　　444 Cedar Street, Suite 1800
　　　　　　　　　　　　　　　　　　　　　Saint Paul, Minnesota  55101
　　　　　　　　　　　　　　　　　　　　　Telephone: (612) 436-1800
　　　　　　　　　　　　　　　　　　　　　Fax: (612) 436-1801
　　　　　　　　　　　　　　　　　　　　　jrusch@johnsonbecker.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*